**In the matter of Jack M. WILLIAMSON,**
**Debtor.**

**No. 07–60416.**

United States Bankruptcy Court,
S.D. Georgia,
Statesboro Division.

April 10, 2009.

See also 2009 WL 2866969.

Jack M. Williamson, Lyons, GA, pro se.

Anne R. Moore, Statesboro, GA, Trustee.

## ORDER ON DEBTOR'S MOTION TO RECONSIDER, IN PART, DEBTOR'S MOTION TO STAY MEMORANDUM AND ORDER PENDING APPEAL OF THE DEBTOR FINDINGS OF FACT

LAMAR W. DAVIS, JR., Bankruptcy Judge.

On June 19, 2008, Debtor filed a Motion to Dismiss his Chapter 12 under 11 U.S.C. § 1208(b). *Motion,* Dckt. No. 157. On June 20, 2008, the United States Trustee filed an Objection to Debtor's Motion to Dismiss and instead asked Debtor's case to be converted to Chapter 7 because Debtor engaged in a pattern of fraudulent conduct. *Objection,* Dckt. No. 158. At the hearing on July 18, 2008, Debtor argued that a Chapter 12 debtor has an absolute right to dismiss under 11 U.S.C. § 1208(b) even if the debtor has committed fraud in connection with his bankruptcy case. On September 3, 2008, this Court entered a Memorandum and Order converting Debtor's Chapter 12 to a Chapter 7 and holding that § 1208(b) does not prohibit a bankruptcy court from converting a case under § 1208(d) if the debtor has abused the provisions of Chapter 12 with fraudulent conduct. *Order,* Dckt. No. 182. On Sep-

tember 11, 2008, the United States Trustee filed Adversary Proceeding Number 08–6028 under § 727 seeking a denial of discharge based on Debtor's fraudulent conduct. *Adversary,* Dckt. No. 189.

Debtor filed a Notice of Appeal of the above Order on September 12, 2008. *Notice,* Dckt. No. 192. Debtor then filed a Motion to Stay the above Order pending the appeal on September 23, 2008. *Motion,* Dckt. No. 199. On October 9, 2008, this Court denied Debtor's motion. *Order,* Dckt. No. 211. On October 17, 2008, Debtor filed a Motion to Reconsider my Order in part, specifically only to the United States Trustee's Adversary Proceeding. *Motion,* Dckt. No. 217. A hearing was held on January 16, 2009, and this Court took the matter under advisement. On March 4, 2009, the District Court for the Southern District of Georgia affirmed this Court's Order converting Debtor's case to Chapter 7. *Order,* Dckt. No. 278. The Order has since been appealed to the Eleventh Circuit Court of Appeals.

### CONCLUSIONS OF LAW

Debtor asks this Court to stay the enforcement of the appealed order pending the appeal of the order pursuant to Federal Rule of Bankruptcy Procedure 8005. Rule 8005 states that the "bankruptcy judge *may* suspend or order the continuation of other proceedings in the case under the code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." (emphasis added).

■ "In determining whether a discretionary stay should be granted, courts have adopted a four factor test that examines the following: 1) the likelihood the movant will prevail on the merits on appeal; 2) whether, absent a stay, the movant will suffer irreparable damage; 3) whether the adverse party will suffer no substantial harm from the issuance of the

stay; and 4) whether the public interest will be served, rather than disserved, by issuing the stay."

■ "Ordinarily, the first factor, likelihood of an appeal's success, is the most important factor when determining whether to grant a stay pending appeal. However, a movant does not always have to demonstrate a probable likelihood of success on the merits on appeal. Where the balance of the equities (factors 2 through 4) weigh heavily in favor of granting the stay, the movant need only show a 'substantial case on the merits.'" *In re Arnal,* 2003 WL 22709326, at *1 (Bankr.S.D.Ga.2003)(*citing Garcia–Mir v. Meese,* 781 F.2d 1450. 1453(11th Cir.1986)).

■ Debtor has not met the burden of showing a "probable" likelihood of success on the merits on appeal. He did not demonstrate that this Court's factual findings were clearly erroneous. Furthermore, Debtor did not demonstrate any persuasive authority that would lead this Court to a different legal conclusion. In fact, the District Court affirmed this Court and agreed with the vast majority of other courts that § 1208(b) does not prohibit a bankruptcy court from converting a case under § 1208(d) if the debtor has abused the provisions of Chapter 12 with fraudulent conduct. There may still be a "substantial case on the merits" which could warrant this Court's granting the stay pending the appeal. However, that lesser burden is not applicable unless Debtor shows that the "balance of the equities" in granting a stay weigh heavily in his favor. This he has not done.

Debtor will not suffer "irreparable damage" if the United States Trustee is allowed to continue the Adversary Proceeding. If the United States Trustee is successful in its adversary, Debtor will not receive a discharge of his debt under § 727 and his creditors can seek state-law

remedies outside of bankruptcy. If Debtor is successful on his appeal and his case is immediately dismissed, then his creditors would also be able to seek state-law remedies outside of bankruptcy. The result in either situation is the same.

I also find that Debtor has failed to prove that the United States Trustee and creditors will not suffer substantial harm if the stay is granted. If the stay is granted, despite affirmance of my Order at the first appellate level, creditors will be delayed their efforts to collect nondischargeable debts if Debtor is deemed to have committed fraud under § 727. This is especially unfair since Debtor has already been found to have engaged in fraudulent conduct while under bankruptcy protection in this Court's underlying Order.

Last, I find that public interest is served by allowing the Adversary Proceeding to continue. Several lengthy hearings have already occurred relating to the fraud issue, the deposition of Debtor has taken place, and the United States Trustee has already stated he is ready to continue with the trial. To delay this trial potentially for at least another year while the appeal is pending would not benefit the public interest, especially in light of the great harm that could befall Debtor's creditors in the meantime.

I therefore have no choice but to deny the stay pending the appeal.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT THAT the Debtor's Motion to Reconsider, in Part, Debtor's Motion to Stay Memorandum and Order Pending Appeal is DENIED and the United States Trustee is authorized to continue pursuit of Adversary Proceeding Number 08–6028.

IT IS FURTHER ORDERED that the parties shall file a Final Pre–Trial Report by May 10, 2009.